IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TRACEY WRIGLEY, ) | |
| AKA POCO PRODUCTS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CV 01-RRA-2086-S |
| ) | |
| MAXTRAX. INC., AKA, WHALEN 2, ) | |
| INC., et al., ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Before the court is the plaintiff's motion for default judgement against Raceway Marketing, Inc. and Image Wright, Inc. The Court has considered the entire file in this case, including the plaintiff's application for entry of default, the court's order of September 22, 2005, (doc. 44) and the entry of default against defendants Raceway Marketing, Inc., and Image Wright, Inc. An evidentiary hearing was conducted before a Magistrate Judge on December 1, 2005, wherein the plaintiff, Tracy Wrigley, testified in open court, before a court reporter, to his claims of deceit and intentional interference with business relations as to defendants Raceway, Inc. and Image Wright, Inc.

The record shows that Wrigley testified that he was to be the "turn key" distributor of the Daytona Challenge 3D (Deluxe) game and the Daytona Challenge board game. Wrigley was instrumental in obtaining the NASCAR licenses necessary to produce and market the game, and in developing the marketing plans and supplier contacts necessary to produce and distribute the game to the public. Wrigley developed business relationships and agreements with retail establishments, including QVC, JC Penney Stores, Northern Games, and others who would sell the Daytona Challenge games in their retail operations.

Raceway Marketing interfered with Wrigley's relationship with these retailers and began taking orders for the game prior to its production. Wrigley expended considerable time and money attempting to fulfill these unapproved orders on a fixed deadline which made their fulfillment impossible. Because the games were not produced prior to the deadline, Wrigley's relationship and reputation with the retailers was destroyed and future business relations were not possible. Due to Raceway's intentional interference with Wrigley's retail suppliers, Wrigley is unable to collect any of the commissions due him for the sale of the board games which were sold, and continue to be sold, to the public. Wrigley submitted proof that the games are currently being sold on various websites. (Plaintiff's Exhibit 3). Wrigley testified that Raceway and Image Wright had both agreed, prior to becoming involved in the project, that they would not circumvent Wrigley and deal directly with Whalen/MaxTrax or any of Wrigley's vendors or suppliers. Wrigley testified that Image Wright and Raceway dealt directly with Whalen and his suppliers.

Wrigley testified to compensatory damages of $53,407.00 as to defendant Raceway Marketing, Inc., and to $23,667.00 (Plaintiffs exhibit 2) as to defendant Image Wright, Inc. (Plaintiff's exhibit 1), and the plaintiff submitted invoices paid by him which were not reimbursed. Wrigley requested in his complaint that the court award punitive damages against the defendants jointly and severally in the amount of one million dollars.

Wherefore, the plaintiff's motion for default judgment is due to be granted, and judgment is due to be entered in favor of Tracy Wrigley and against Raceway Marketing, Inc. in the amount of $53,407.00 in compensatory damages, and in favor of Tracy Wrigley and against Image Wright, Inc. in the amount of $23,667.00 in compensatory damages, as well as $250,000.00 in punitive damages against each defendant individually.

DONE this 6th day of December, 2005.

                                                  _____
                                                  WILLIAM M. ACKER, JR.
                                                  UNITED STATES DISTRICT JUDGE